IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| VITA-HERB NUTRICEUTICALS,<br>a California Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>LONZA BEND, INC. ,<br>an Oregon Corporation,<br><br>        Defendant. | Case No. 6:23-cv-01829-MC<br><br>**OPINION AND ORDER** |

MCSHANE, Judge:

    Defendant Lonza Bend, Inc. moves to dismiss Plaintiff Vita-Herb Nutriceutical's claims for patent infringement, arguing that Plaintiff's complaint fails to state a claim and was brought in the improper venue. Def.'s Mot. to Dismiss, ECF No. 11 ("Motion"). For the reasons discussed below, Defendant's Motion is DENIED. Plaintiff's request for limited jurisdictional discovery is GRANTED.

**BACKGROUND**[1]

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiff's allegations as true. *Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

1 – Opinion & Order

Plaintiff holds two patents issued in 2014, United States Patent Nos. 8,895,060 and 8,846,082 ("the '060 and '082 patents"). Pl.'s Compl. 3, ECF No. 1. Those patents cover a proprietary technology for sealing capsules using a Nitrogen Purge Instance Bond ("NPIB") encapsulation process. *Id.* at 3. Plaintiff alleges that Defendant has three products on the market, the CFS 1000, CFS 1200, and CFS 1500, that utilize the NPIB process and infringe the '060 and '082 patents. *Id.* at 4.[2] Accordingly, Plaintiff alleges two counts of patent infringement against Defendant, one for each of Plaintiff's patents. *Id.* at 6–12. Defendant moves to dismiss Plaintiff's Complaint. Def.'s Mot. to Dismiss, ECF No. 11.

## **STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to infer liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678. At this stage, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

By contrast, a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) raises "facts outside of the pleadings," so "the pleadings need not be accepted as true[.]" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). Plaintiff bears the burden of establishing

---

[2] Plaintiff initially brought this Complaint against Defendant Lonza Bend, an Oregon Corporation, and Swiss Corporations Lonza Group AG and Lonza Ltd. Pl.'s Compl., ECF No. 1. Plaintiff voluntarily dismissed the Swiss entities, leaving Lonza Bend as the only remaining defendant. Pl.'s Notice of Partial Dismissal, ECF No. 10.

2 – Opinion & Order

proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims under Fed R. Civ. P. 12(b)(3) and 12(b)(6), arguing that Plaintiff fails to state a claim and that the District of Oregon is an improper venue.

**I.     Failure to State a Claim**

Defendant first argues that Plaintiff's claim is legally deficient because "Plaintiff has pled no direct infringement of any claims of the Asserted Patents." Motion 4. Defendant is correct that "[t]he law is clear: there can be no indirect infringement under 35 U.S.C. § 271(b) or (c) without first showing direct infringement under 35 U.S.C. § 271(a)." Motion 4; *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1308 (Fed. Cir. 2012), *rev'd on other grounds*, *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915 (2014) ("That principle, that there can be no indirect infringement without direct infringement, is well settled.").[3] Direct infringement occurs where a single entity performs all steps of a claimed method. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). A claim for patent infringement is sufficient if it alleges that the accused products meet the elements of at least one claim of the allegedly infringed patents. *Disc Disease Sols. Inc. v. VGS Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018).

Here, Plaintiff successfully pleads direct infringement under 35 U.S.C. § 271(a). Plaintiff alleges that "[t]he CFS 1000, CFS 1200 and CFS 1500, directly infringe the '060 Patent in violation of 35 U.S.C §271(a)" and that "Defendants have directly infringed . . . at least claim 1 of the '060 patent" and the '082 patent. Pl.'s Compl. 6, 8, 11. Plaintiff outlines its patented claims for purging, coating, sealing, and applying an overlay medium to capsules under the '060 patent and for filling, purging, sealing, and securing the capsules under the '082 patent. *Id.* at 6, 9. And Plaintiff alleges

---

[3] In matters unique to patent law, Federal Circuit law applies. *In re Volkswagen Grp. Of Am., Inc.*, 28 F.4th 1203, 1207 (Fed. Cir. 2022) (citations omitted).

3 – Opinion & Order

that Defendant's CFS 1200 performs each of those steps: purging, coating, sealing, and applying a medium, infringing on the '060 patent; and filling, purging, sealing, and securing the capsules, infringing on the '082 patent. *Id.* at 6–12. Plaintiff further alleges that Defendant's "CFS 1000 and CFS 1500 machines . . . function in the same manner as the CFS 1200[.]" *Id.* at 11. These allegations sufficiently state a claim for patent infringement under 35 U.S.C. § 271(a).

## II.    Improper Venue & Motion to Transfer

Next, Defendant argues that Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(3) because Oregon is the improper venue. In the alternative, Defendant asks the Court to substitute another Lonza entity, Lonza Greenwood, as defendant and to transfer this case to the District of Delaware. Motion 5. Defendant Lonza Bend asserts that it is not the proper defendant because it "does not make, use, sell, offer to sell or support Capsugel CFS equipment." *Id.* at 3, 7–8. Rather, Defendant argues, the proper defendant is Lonza Greenwood, a Delaware corporation with its principal place of business in South Carolina, because that is the only Lonza entity that owns any of the allegedly infringing products. *Id.* at 3.

As an initial matter, the responsibility to select the proper defendant rests with Plaintiff, not this Court. It may be that Defendant Lonza Bend does not participate in any of the allegedly infringing conduct, but that goes to the merits of the case and to personal jurisdiction. The question before this Court is whether venue is proper here, and that question looks to "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Here, it is undisputed that Defendant Lonza Bend is incorporated in Oregon and therefore "resides" here. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 261 (2017) (under the patent venue statute, a domestic corporation "resides" only in its state of incorporation). Unless and until it is determined that Lonza Bend is

not the proper defendant, there is no reason to transfer this case to another district. Accordingly, Defendant's Motion to Dismiss for improper venue is DENIED.

### III.     Jurisdictional Discovery

Although Defendant's arguments are insufficient to require dismissal, the parties' briefs raise genuine issues as to whether Lonza Bend or Lonza Greenwood is the proper defendant in this case. Defendant asserts that "Defendant Lonza Bend does not have enough connections to this District for this Court to retain jurisdiction over it, as Lonza Greenwood (the proper defendant) does not operate, manufacture, produce, or sell the Accused Products in Oregon." Motion 6–7. Plaintiff requests limited jurisdictional discovery, which the Court finds will aid in the efficient resolution of this case. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."). Accordingly, Plaintiff's request for limited jurisdictional discovery is GRANTED.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 11, is DENIED. Plaintiff's request for limited jurisdictional discovery is GRANTED. Plaintiff may request from Defendant the limited information it needs to determine if Defendant is the proper party to this lawsuit. The deadline for this limited discovery will be 60 days from the date of this order. The parties are also to file a status report with the court at that time.

IT IS SO ORDERED.

DATED this 25th day of November 2024.

                                         _____/s Michael McShane_____
                                                 Michael J. McShane
                                              United States District Judge

5 – Opinion & Order